UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JANICE JONES, as next of kin of )
ROBERT LEWIS JONES, Deceased )
) No. 2:05-CV-268
v. ) District Judge Greer
) Magistrate Judge Inman
GUIDANT CORPORATION, GUIDANT )
SALES CORPORATION, and )
MICHAEL MARCROFT )

O R D E R

Plaintiff has filed a motion to amend her complaint [Doc. 8]. Oddly, plaintiff seeks to amend her complaint by *deleting* one of her theories of recovery. And, again interestingly, defendant resists the motion.

This suit initially was filed in the Circuit Court for Hamblen County, Tennessee, and subsequently removed to this Court on the basis of the diversity of citizenship of the parties. It is a wrongful death action; plaintiff alleges that her husband, Robert Lewis Jones, died as a direct result of a heart pacemaker implanted in Mr. Jones the day before his death. In paragraphs 11 through 16, and in paragraph 19, of the complaint, plaintiff alleges that the manufacturer of the pacemaker, as well as the seller and the seller's agent, were negligent in various ways, e.g., failing to properly adjust the pacemaker, failing to insure that the pacemaker functioned appropriately, failing to insure that there was proper blood flow after the voltage of the pacemaker was reduced, negligence in the care and treatment rendered the decedent, negligence by deviating

from the acceptable standard of care regarding pacemakers and their adjustment, and negligence by deviating from the applicable standards of care in failing to properly adjust the pacemaker. The complaint also contains two paragraphs that implicate products liability; in paragraphs 17 and 18, the plaintiff alleges that the pacemaker was defective and unreasonably dangerous inasmuch as it did not function properly after adjustment, and that the pacemaker was the subject of the manufacturer's recall for a failure to properly function.

It is those two paragraphs, i.e., 17 and 18, which plaintiff seeks to delete by her motion to amend. In other words, she asks to delete any causes of action based on products liability theories. In her motion, she recites that "it does not appear that the Plaintiff will present any evidence that the particular pacemaker inserted into Robert Lewis Jones malfunctioned in any way . . . [and] . . . [i]t does appear that this case will only deal with the issue of the negligent adjustment of the pacemaker and the failure to adequately train individuals . . . on how to properly and safely adjust pacemakers."

Defendant's opposition[1] to the motion to amend is succinctly noted in the first sentence of its opposition: "Plaintiff's Motion to Amend is a blatant attempt to avoid the transfer of her case to MDL[2] No. 1708, *in re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, which has been assigned to . . . the United

---

[1] See, Doc. 11.

[2] Multi-District Litigation.

States District Court for the District of Minnesota."

Until the filing of defendant's opposition to plaintiff's motion to amend, there was almost nothing in this Court's file that would indicate this case was part of, or potentially a part of, Multidistrict Litigation. However, filed as Doc. 7 is plaintiff's "Notice of Opposition to Transfer," which obviously was filed in response to orders emanating from some other court. In that opposition, which was filed on December 27, 2005, plaintiff asserted that her case should not be transferred and made a part of the Multi-district Litigation because her case concerns only the negligent adjustment of the pacemaker by an employee of Guidant Corporation, and other related *negligence* claims, and that her case had no "facts and circumstances" common to the Multidistrict Litigation.

On January 10, 2006, plaintiff filed her motion to amend her complaint by deleting the products liability claims.

Appended to defendant's opposition to the motion to amend are copies of the pertinent documents regarding the Multidistrict Litigation. On November 7, 2005, the Judicial Panel on Multidistrict Litigation ["JPML"] filed a Transfer Order which concerned six civil actions pending in various district courts around the country, two of which were filed in the District of Minnesota. Finding that those six actions involved common questions of fact, the JPML transferred those actions to the District of Minnesota for the sake of the convenience of the parties and witnesses, and to promote

3

the "just and efficient conduct" of the litigation. The Transfer Order also recited that those six actions shared allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury . . . ." Further, the order noted that the plaintiffs in some potential "tag-along" actions also had asserted claims related to Guidant's pacemakers.

Exhibit B to defendant's opposition is a copy of Guidant's notice to the JPML of sixteen "potentially related actions," one of which is the suit before this Court.

On December 12, 2005, the JPML *conditionally* transferred seventy-nine cases to the District of Minnesota to be resolved with the cases originally transferred to the District of Minnesota by the JPML. Included within that conditional transfer was the case pending before this Court. *See,* Exhibit C to defendant's opposition. That Conditional Transfer Order included copies of Rules 7.4 and 7.5 of the JPML.

Paragraph (c) of Rule 7.4 provides that a party who opposes a transfer shall file a notice of opposition with the Clerk of the Panel within fifteen days of the filing of the Conditional Transfer Order. Plaintiff apparently filed such an opposition with the JPML on December 27, and she also filed a duplicate of that opposition with this Court as Doc. 7. Then, two weeks after noting to the JPML her opposition to the conditional transfer, plaintiff filed the motion to amend in this case.

Defendant asserts that the proposed amendment is an attempt to avoid transfer of her case to the District of Minnesota pursuant to the Conditional Transfer Order filed

4

by the JPML. That doubtlessly is correct, since there is no reason to delete from her complaint any theories of recovery, at least this early in the litigation. But, her motivation seeking an amendment notwithstanding, may she do so?

This Court at first had some qualms regarding whether it could, or should, grant or deny motions to amend the pleadings after the JPML was involved to the extent it is with these parties. However, as long as the transfer is *conditional*, it appears this Court may continue to deal with this case as it would any other case: "The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pre-trial proceedings in the district court in which the action is pending and does not in any way limit the pre-trial jurisdiction of that court."[3] "The mere pendency of a motion to transfer before the Multidistrict Panel does not affect or suspend the jurisdiction of the transferor court, or limit its ability to act on matters properly before it." *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979).

Defendant argues that plaintiff is rather equivocal in her motion to amend: in her motion plaintiff asserts that "*it does not appear*" that she will present any evidence that the pacemaker malfunctioned, and that "[i]t does appear" that her case will deal only with the issue of negligent adjustment and a negligent failure to adequately train. The motion also recites that her expert witness will, *in all probability*, testify that the pacemaker functioned as it should have functioned. Defendant is correct; plaintiff's

---

[3] Rule 18, Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Case 2:05-cv-00268   Document 12   Filed 02/01/06   Page 5 of 6   PageID #: 5

motion to amend is equivocal.

Whether plaintiff's proposed amendment will persuade the JPML that this case has insufficient commonality with the other cases transferred to the District of Minnesota is an open question. But if plaintiff wishes to amend her complaint as she asks, she certainly should be allowed to do so. However, plaintiff and her attorney should understand that the reason for the amendment is apparent, and plaintiff will be judicially estopped to seek an amendment to reinstate these theories of recoveries which she deletes by this amendment. She likewise will be precluded from introducing any evidence or testimony that involves products liability claims.

In conclusion, plaintiff's motion to amend is GRANTED, and she may file her amended complaint. If plaintiff reconsiders her decision to amend as requested, she should file within the week a motion stating that she wishes to withdraw the motion to amend, in which event the Court will vacate this order. However, if upon reflection plaintiff persists in her desire to amend as requested, she should simply file her amended complaint.

SO ORDERED:

                                                                                s/ Dennis H. Inman
                                                                   United States Magistrate Judge